```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/7/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SPIN MASTER LTD. and SPIN MASTER, INC,

              Plaintiffs,

    -v-

158, et al.

             Defendants.
------------------------------------------------------------------X

18-cv-1774 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

      On March 5, 2020, Plaintiffs filed a motion for a default judgment and permanent injunction. Dkt. No. 80. The motion seeks a default judgment and permanent injunctive relief against 55 defaulting defendants who are alleged to have infringed on Plaintiffs' trademarks in violation of the Lanham Act, 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), 1117(b)-(c), and 1125(a), infringed on Plaintiffs' copyrights in violation of the Copyright Act, 17 U.S.C. § 501(a), and violated New York law including the New York General Business Law and the New York common law claims of unfair competition and unjust enrichment.

      The Court has scheduled a conference on Plaintiffs' motion for a default judgment and a permanent injunction for tomorrow, April 8, 2020. At that conference, Plaintiffs should be prepared to address the following questions, which will assist the Court in evaluating Plaintiffs' motion for a default judgment and a permanent injunction:

1. On which claims are Plaintiffs seeking a default judgment? Do Plaintiffs seek a default judgment on the claims under the New York General Business Law and the New York law of unfair competition and unjust enrichment? If so, what well-pleaded facts and/or evidence support the entry of default judgment on those claims?

2. What specific evidence or well-pled allegations support the claim as to each defendant that such defendant violated the Lanham Act and/or the Copyright Act? Assuming that a single defendant engaged in no more than one or a handful of alleged infringements, is that sufficient to support permanent injunctive relief?

3. As to each of the defendants, what well-pled allegations or evidence support the existence of personal jurisdiction? The Court notes that several defendants are alleged to have engaged in no more than one or a handful of infringing activities.

    a. Is there evidence that such activity took place in New York, was directed at New York, or otherwise supports the existence of personal jurisdiction as to that defendant?

b. The Court also notes that the Complaint asserts that all of the defendants ship goods to New York addresses. Is there evidence from which the Court can infer that each defendant shipped into New York goods that infringed Plaintiffs' marks and copyrights? In the absence of such evidence, is it sufficient to support personal jurisdiction that the defendant ship other goods into New York?

4. Do Plaintiffs allege that there is a relationship among the defendants to support each of them being joined in the same Complaint or from which the Court can impute activity of one defendant to another defendant? If so, what well-pled allegations or evidence support the existence of such relationship?

5. Can Plaintiffs identify well-pled allegations or evidence from which the Court can infer that each defendant sells infringing goods other than through merchant storefronts on Wish.com? What evidence exists to support the assertion in Dkt. No. 81 ¶ 33 that "it is extremely likely that the number of sales of Counterfeit Products made by Defaulting Defendants greatly exceeds the number identified in ContextLogic's discovery responses"?

6. With respect to the request for statutory damages, what relationship does the requested amount of statutory damages bear to the retail value to Plaintiffs of the alleged infringing sale(s) identified through the ContextLogic discovery responses?

   a. In particular, the Court notes that the Complaint alleges that Plaintiffs' goods retailed from $5.99 to $29.99. *See* Dkt. No. 6 ¶ 14. At the same time, the motion for a default judgment seeks statutory damages awards of $50,000 against defendants who may have sold no more than one infringing item. What precedent supports the imposition of statutory damages that may be up to 10,000 times the value of the infringed item?

7. What support exists under Fed. R. Civ. P 65 or the Lanham Act for the imposition of injunctive relief that is not limited to those persons identified in Rule 65 but also extends to "successors and assigns"? *See* Dkt. No. 83 at 1. Should the injunction be limited to those "in active concert and participation"?

8. Is Section III(1)(E) of the proposed permanent injunction sufficiently narrowly tailored?

9. What case law or statutory support exists for Section III(1)(F) of the proposed permanent injunction? Additionally, to the extent that the definition of "Merchant Storefronts" or "User Accounts" is intended to pick up storefronts or accounts not yet in existence or that go beyond those that were used to sell or market infringing products, is the injunction sufficiently narrowly tailored?

10. What is the basis for the request reflected in Section III of the proposed permanent injunction, *i.e.*, to enjoin Financial Institutions and Third Party Service Providers who are not specifically named and who are neither defendants nor alleged to be in active concert or participation with defendants?

11. What is the basis for the injunctive relief requested in Section IV of the proposed permanent injunction to the extent that it goes beyond assisting defendants in

connection with infringing products and pertains to defendants' user accounts and merchant storefronts in general?

12. What is the basis for alternative service by electronic means against Financial Institutions and Third Party Service Providers who are not named and who are neither defendants nor alleged to be in active concert or participation with defendants? *See* Dkt. No. 83, Section IV.

13. What is the authority for the relief requested in Section V of the proposed permanent injunction that would incorporate Section 5222 of the CPLR, and what is the need for such relief?

14. With respect to the post-judgment asset restraint, transfer order and miscellaneous relief requested in Sections V-VII of the proposed permanent injunction, what are the parties' views on whether this Court should follow the opinion of Judge Woods in *Allstar Marketing Group, LLC v. 158*, 2019 WL 3936879 (S.D.N.Y. Aug. 20, 2019)?

SO ORDERED.

Dated: April 7, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge