USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __9/4/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
SPIN MASTER LTD. and SPIN MASTER, INC.,                            :
                                                                   :
                                                                   :
                                          Plaintiffs,              :    18-cv-1774 (LJL)
            -v-                                                    :
                                                                   :    OPINION & ORDER
158, et al.,                                                       :
                                                                   :
                                          Defendants.              :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

On May 28, 2020, this Court issued an Opinion and Order granting the motion for default judgment brought by Plaintiffs Spin Master Ltd. and Spin Master, Inc. as to six Defaulting Defendants, but denying the motion with respect to the other Defaulting Defendants. *See Spin Master Ltd. v. 158*, 2020 WL 2766104 (S.D.N.Y. May 28, 2020); Dkt. No. 89. The Court also denied Plaintiffs' motion for a permanent injunction in its current form and directed Plaintiffs to submit a revised permanent injunction in accordance with the Court's Opinion. Plaintiffs now move for reconsideration of the Opinion pursuant to S.D.N.Y. Local Civil Rule 6.3. Dkt. No. 90.

For the reasons set forth below, Plaintiffs' unopposed motion is granted in part and denied in part.

## DISCUSSION

A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality

1

and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).  It is not an "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Plaintiffs move for reconsideration of the Court's personal jurisdiction analysis based on two arguments: (1) new discovery produced by ContextLogic demonstrates sales of Counterfeit Products into New York by 12 Defaulting Defendants, thus establishing personal jurisdiction over them;[1] and (2) the Court erred in holding it lacked personal jurisdiction over the 37 Defaulting Defendants for whom there is no evidence of sales into New York (the "Remaining Defaulting Defendants").[2]

**I.      New Evidence of Personal Jurisdiction for Twelve Defaulting Defendants**

The Court's decision granted leave for Plaintiffs "to provide evidence sufficient to establish personal jurisdiction over the remaining Defaulting Defendants within 30 days." *Spin Master Ltd.*, 2020 WL 2766104, at *24.  Thereafter, Plaintiffs' counsel obtained supplemental discovery from ContextLogic showing sales of Counterfeit Products by twelve of the Defaulting Defendants into New York prior to the filing of the action on February 27, 2018.  Dkt. No. 94

---

[1] Those Defaulting Defendants are: 158, Dreamslink Firm, FUDAN, jingxiaopu, Long long market, mppy qqq y0y0 101, shenzhenshijingchengyouxiangongsi, shizhushuop, sunhappybuy, tommy, yangdongxia, and zhejiang bigbighouse trade.

[2] The Remaining Defaulting Defendants are defined to include: 18929434653, Amarantines, Beautiful angel trading company, Big Merchant, Black hao shop, chengfengmaoyi, Deap date yang, Ding Sheng Electronic Commerce, Fashion 3C International Trade Co., Ltd, Fashion China Trade Co., Ltd, fashion hunter, fashiondidi666, finesellings, flastbuy, FunShoppingHome, GFBC, hagnzhou jiye, Heng bo sound, hnjoing, Hui Fang Top-rated Seller-01 Store, jin peng DQ, Kejingmeimeida, laodie Technology Co., Ltd, linda2011store, litongtong8991, liuqianliuyue, oobilu, ouhuadan, ouyansainan, Rainbow Star, Seven Ting shop, weibin's shop, xiao xiong toy store, xiaozhenhong, ye1234, yunbosi, and yunhua store.  Dkt. No. 91 at 1 n.3.

¶¶ 11, 14, 15. With this evidence, Plaintiffs have established personal jurisdiction over these twelve Defaulting Defendants pursuant to N.Y. C.P.L.R. § 302(a)(1) for the reasons discussed in the Court's prior Opinion. *See Spin Master Ltd.*, 2020 WL 2766104, at *4-6.

The Court also finds that Plaintiffs have established liability on their trademark counterfeiting and infringement and copyright infringement claims with respect to these twelve Defaulting Defendants based on the analysis in *Spin Master Ltd.*, 2020 WL 2766104, at *9-11. In their papers supporting the motion for judgment motion, Plaintiffs had asked for a total statutory damages award against all of the Defaulting Defendants of $12,250,000, *see* Dkt. No. 81, Ex. F, or to the extent the Court disagreed with the tiered request, a total of $2,750,000 ($50,000 per Defaulting Defendant), *see* Dkt. No. 88 at 5. For the twelve Defaulting Defendants, the tiered request would result in a total statutory damages award of $5.9 million, or alternatively, a total of $600,000.[3]

In its prior Opinion, the Court held that the six Defaulting Defendants engaged in willful and widespread counterfeiting and infringement of a valuable Bunchems Mark through sales on Wish. *See Spin Master Ltd.*, 2020 WL 2766104, at *12-16. The Court makes that same finding here. However, the Court previously rejected Plaintiffs' methodology for calculating statutory damages. It adheres to that ruling. It therefore awards statutory damages against each of the twelve Defaulting Defendants equal to three times the amount of lost revenues based on the most expensive Counterfeit Products, resulting in a total award to Plaintiffs of $1.7 million. The damages are calculated as $29.99—the highest-priced Counterfeit Product—multiplied by the

---

[3] Plaintiffs had asked for statutory damages in the following amounts: jingxiaopu ($1,000,000), 158 ($750,000), zhejiang bigbighouse trade ($750,000), tommy ($750,000), mppy qqq y0y0 101 ($750,000), yangdongxia ($450,000), sunhappybuy ($400,000), Long long market ($400,000), FUDAN ($250,000), shenzhenshijingchengyouxiangongsi ($200,000), Dreamslink Firm ($100,000), and shizhushuop ($100,000). *See* Dkt. No. 81, Ex. F.

number of Counterfeit Products sold by each Defaulting Defendant multiplied by three with adjustments for each of the Defaulting Defendants:

1. jingxiaopu: $570,589.74 rounded up to $600,000
(6,342 Counterfeit Products; 1 infringing use)

2. 158: $342,875.67 rounded up to $400,000
(3,811 Counterfeit Products; 11 infringing uses)

3. zhejiang bigbighouse trade: $158,077.29 rounded up to $200,000
(1,757 Counterfeit Products; 14 infringing uses)

4. tommy: $138,733.74 rounded up to $200,000
(1,542 Counterfeit Products; 12 infringing uses)

5. mppy qqq y0y0 101: $93,298.89 rounded up to $100,000
(1,037 Counterfeit Products; 2 infringing uses)

6. yangdongxia: $40,756.41 rounded up to $50,000
(453 Counterfeit Products; 9 infringing uses)

7. sunhappybuy: $39,766.74 rounded up to $45,000
(442 Counterfeit Products; 7 infringing uses)

8. Long long market: $36,527.82 rounded up to $40,000
(406 Counterfeit Products; 12 infringing uses)

9. FUDAN: $22,672.44 rounded up to $25,000
(252 Counterfeit Products; 2 infringing uses)

10. shenzhenshijingchengyouxiangongsi: $18,173.94 rounded up to $20,000
(202 Counterfeit Products; 11 infringing uses)

11. Dreamslink Firm: $11,606.13 rounded up to $12,000
(129 Counterfeit Products; 4 infringing uses)

12. shizhushuop: $11,156.28 rounded up to $12,000
(124 Counterfeit Products; 8 infringing uses)

*See* Dkt. No. 81, Ex. F.

**II.     Personal Jurisdiction over Remaining Defaulting Defendants**

With respect to the Remaining Defaulting Defendants, Plaintiffs do not argue that there is an "intervening change of controlling law" or "new evidence," nor do they explicitly say that

they are correcting "clear error or prevent[ing] manifest injustice." Instead, Plaintiffs appear to disagree with the merits of the Court's prior Opinion.

Plaintiffs allege that the Remaining Defaulting Defendants are "commercial vendors" who use an internet storefront "as a means of establishing regular business with a remote forum," like New York. Dkt. No. 91 at 3 (quoting *Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, 2016 WL 3748480, at *3 (S.D.N.Y. July 8, 2016)). They argue that merely operating a storefront on a third-party online marketplace, like Wish, that offers products for sale in New York—regardless of whether the storefront made such sales or whether such sales were of infringing goods—is sufficient to establish personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1), and they cite decisions by other district courts in this Circuit in support of their motion. *See Brady v. Anker Innovations Ltd.*, 2020 WL 158760, at *5 (S.D.N.Y. Jan. 13, 2020); *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *4 (S.D.N.Y. Mar. 27, 2019), *reconsideration denied*, 2020 WL 70489 (S.D.N.Y. Jan. 7, 2020); *Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 2016 WL 7451306, at *3 (S.D.N.Y. Dec. 27, 2016); *Lifeguard Licensing Corp.*, 2016 WL 3748480, at *3; *EnviroCare Techs., LLC v. Simanovsky*, 2012 WL 2001443, at *3 (E.D.N.Y. June 4, 2012). They also argue that the fact that the Remaining Defaulting Defendants offer shipping to New York, regardless of whether they actually made sales to New York or the shipping was accepted, demonstrates that they "elected to do business" with that state sufficient to establish personal jurisdiction. *See* Dkt. No. 91 at 4-5.

The Court reject these arguments for the reasons stated in its prior Opinion. Plaintiff's motion for reconsideration rests on their argument that the "caselaw has stopped short of requiring additional conduct beyond maintaining an interactive website that offers products to consumers." *Id.* at 6. But the courts in the cases cited by Plaintiffs—*Brady*, *Hypnotic Hats*, *Lifeguard Licensing Corp*, and *EnviroCare Techs.*—found that the defendants in those cases

made at least one sale to New York, whether a counterfeit product or not, unlike the Remaining Defaulting Defendants here. *See Brady*, 2020 WL 158760, at *3 ("approximately 10% of Fantasia's total, worldwide sales are to New York residents."); *Hypnotic Hats*, 2016 WL 7451306, at *3 (defendants "have shipped numerous orders to consumers in New York" and "have sent email solicitations to more than 5,000 school and intramural sports teams in New York"); *Lifeguard Licensing Corp.*, 2016 WL 3748480, at *2 (defendants "state[d] that the . . . sales of allegedly infringing merchandise to New York were made"); *EnviroCare Techs.*, 2012 WL 2001443, at *4 (defendants sold "the allegedly counterfeit item to Plaintiff in New York through Amazon.com"). To the extent that district court decisions have held otherwise, *see WowWee Grp.*, 2019 WL 1375470, at *4, neither they nor those cited by Plaintiffs are binding on this Court.

N.Y. C.P.L.R. § 302(a)(1) is a "single act statute" and "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010) (holding that operation of highly interactive website plus shipment of one counterfeit product and over 50 other products into New York was sufficient for personal jurisdiction); *see EnviroCare Techs.*, 2012 WL 2001443, at *2 ("[C]ourts in this circuit have concluded that the single act of selling counterfeit goods in New York is sufficient to invoke jurisdiction."). Plaintiffs still fail to evidence a "single act" or "transaction" in New York sufficient to confer personal jurisdiction over the Remaining Defaulting Defendants.

For the reasons stated here and in the Court's prior Opinion, the Court lacks personal jurisdiction over the Remaining Defaulting Defendants.

## CONCLUSION

The motion for reconsideration is GRANTED IN PART and DENIED IN PART. Plaintiffs are directed to submit a revised final default judgment and permanent injunction order in accordance with this Opinion and Order within twenty-one (21) days.

The Clerk of Court is respectfully directed to close Dkt. No. 90.


SO ORDERED.

Dated: September 4, 2020
      New York, New York

                                      LEWIS J. LIMAN
                              United States District Judge